70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George DELVECCHIO, Petitioner-Appellant,
v.
ILLINOIS DEPARTMENT OF CORRECTIONS, Respondent-Appellee.
 No. 95-3713.
 United States Court of Appeals, Seventh Circuit.
 Nov. 21, 1995.
 
 Before CUMMINGS, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 On consideration of appellant's motion for stay of execution, one matter requires a more precise explanation than that which the district court was able to give in the short time available to render judgment. The petitioner contends that he was denied equal protection of the laws as guaranteed by the Fourteenth Amendment because the Illinois courts failed to provide him with the same relief that was accorded to the prisoner in People v. Mack, No. 75412, (Ill. Oct. 19, 1995). In this Court's en banc decision in this case, Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363 (7th Cir.1994) (en banc), cert. denied, 115 S.Ct. 1404 (1995), we held, relying on Dobbert v. Florida, 432 U.S. 282, 301 (1977), that a state violates the Equal Protection clause "when different legal standards are arbitrarily applied to similarly situated defendants." Del Vecchio, 31 F.3d at 1386. The petitioner cannot meet that standard in this case.
 
 
 2
 As a threshold matter, Mack and Mr. DelVecchio are not similarly situated procedurally. Mack raised the adequacy of the trial court's instruction on the penalty verdict form in the state post-conviction proceeding and sought to excuse his failure to raise the issue by asserting the inadequacy of his trial counsel. Mr. DelVecchio did raise the issue on appeal, but never explained the reason for his waiver at trial. Moreover, Mack and the petitioner are not similarly situated for a more fundamental reason. The failure to give the instruction in Mack resulted in a failure to inform the jury that a person convicted of felony murder could receive the enhancement under the provision in question only if the circumstances surrounding the offense established that he had the requisite intent or knowledge. In this case, by contrast, there was no possibility of such juror confusion. Neither of Mr. DelVecchio's murders was based on the felony murder rule. The jury simply had before it two murders in which the intent of the perpetrator had been established. See People v. Edgeston, 623 N.E.2d 329, 343-45 (Ill.1993), cert. denied, 114 S.Ct. 2766 (1994); People v. Davis, 447 N.E.2d 353, 368-70, 377-79 (Ill.), cert. denied, 464 U.S. 1001 (1983).
 
 
 3
 A certificate of probable cause and a stay of execution are denied for the reasons expressed in the district court's memorandum opinion.